
FILED
JUN 2 6 2014
U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims

No. 14-428C

(Filed: June 26, 2014)

```
*********************************** *
                                    *
THE MOORISH SCIENCE TEMPLE OF       *
AMERICA DIVINE NATIONAL MOVEMENT    *
MOSLEM THEOCRATIC ISLAMISM TEMPLE,  *
                                    *
           Plaintiff,               *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
           Defendant.               *
                                    *
*********************************** *
```

OPINION AND ORDER

WHEELER, Judge.

On May 22, 2014, the Court issued an order directing Plaintiff, the Moorish Science Temple of America Divine National Movement Moslem Theocratic Islamism Temple ("Temple"), to file a corrected complaint no later than June 13, 2014, or the case would be subject to dismissal.[1] Accordingly, the Temple filed an amended complaint on June 17, 2014, ostensibly to correct the errors identified by the Court. However, the Temple failed to make the necessary changes as explained in the order, and thus the amended complaint does not comply with the Court's rules. For the reasons set forth in the May 22 order and below, the Court strikes the original and amended complaints and dismisses the case.

---

[1] The Temple is a frequent litigator in federal courts, whose complaints are often dismissed. See, e.g., Moorish Sci. Temple v. Higgins, 786 F.2d 1170 (Table) (8th Cir. 1986); Moorish Sci. Temple of Am. 4th & 5th Generation v. Super. Ct. of N.J., No. 11-7418, 2012 WL 123405 (D.N.J. Jan. 12, 2012); Moorish Sci. Temple of Am. v. City of Berwyn, No. 11-CV-3519, 2011 WL 3898046 (N.D. Ill. Sept. 6, 2011); Murakush Caliphiate of Amexem Inc. v. New Jersey, 790 F. Supp. 2d 241 (D.N.J. 2011); Great Seal Moorish Sci. Temple of Am., Inc. v. New Jersey, No. 5-CV-345, 2005 WL 2396311 (E.D. Pa. Sept. 28, 2005).

A. Rule 83.1(a)

In the May 22 order, the Court first noted that the complaint was signed and filed by T J Al Malik El, identified as Plaintiff's "Minister of Foreign Affairs." The Court then explained that this constituted error because the Temple could appear only if represented by licensed counsel. While 28 U.S.C. § 1654 (2012) provides that in all federal courts persons "may plead and conduct their own cases personally," courts uniformly agree that this provision does not allow other entities such as corporations, partnerships, or associations to appear in federal court without a licensed attorney. Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) (collecting cases). Consistent with this understanding of § 1654, Rule 83.1(a) of the Rules of the U.S. Court of Federal Claims specifically provides that "[a]n individual who is not an attorney . . . may not represent a corporation, an entity, or any other person in any proceeding before this court." Lastly, Rule 11(a) states that this Court must strike pleadings not "signed by or for the attorney of record in the attorney's name," unless promptly corrected.

Although the Court articulated the Rule 83.1(a) and 11(a) standards in the May 22 order, the Temple failed to correct its error in the amended complaint, as none of the changes actually addressed or conformed to these standards. For example, the Temple altered the caption, added an introductory statement, and added two new demands for relief. However, the Temple did not file its complaint through licensed counsel, which was the essential remedy required by the Court. Thus, the Court finds that the amended complaint's changes fail to bring the complaint into compliance with the Court's rules.

B. Subject Matter Jurisdiction

It appears that even if the amended complaint did comply with Rules 83.1(a) and 11(a), the Court would still lack the authority to hear this type of case. The Tucker Act, 28 U.S.C. § 1491 (2012), gives the Court jurisdiction over any suit founded on a "contract, regulation, statute, or constitutional provision that provides for money damages against the United States." Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir 2013), cert. denied, 134 S. Ct. 259 (2013). Therefore, the Court must determine whether the source of law invoked confers a substantive right on the plaintiff to recover money damages. United States v. Testan, 424 U.S. 392, 398 (1976). This determination begins with the plaintiff's well-pleaded complaint. Holly v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9–10 (1983)).

Here, the Temple did not invoke a money-mandating statute to establish jurisdiction. Rather, the Temple asserts that the Court has subject matter jurisdiction

under Article III of the Constitution; the existence of federal question and diversity of citizenship, 28 U.S.C. §§ 1331–1332 (2012); the Mandamus and Venue Act, 28 U.S.C. § 1361 (2012); and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 (2012). However, none of the provisions listed in the complaint mandates money damages, and therefore none supports a finding of subject matter jurisdiction.

The Court may also consider the "true nature of the action" to determine subject matter jurisdiction. Hartford Fire Ins. Co. v. United States, 544 F.3d 1289, 1293 (Fed. Cir. 2008). Here, the "true nature" of the case appears to be nothing more than a private action arising from a foreclosure sale. However, all claims in this Court must be brought against the United States, and tort actions such as wrongful foreclosure fall outside the purview of this Court's jurisdiction. See 28 U.S.C. § 1491 ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . in cases *not* sounding in tort.") (emphasis added). In this case, paragraph eight of the Temple's complaint named State of Michigan agents and private parties as defendants. Furthermore, the factual allegations make clear that the Temple's complaint originates from the 2007 foreclosure sale of the property of Michelle Hart and the case that followed granting the private lender's motion for summary judgment.[2] See Hart v. Countrywide Home Loans, Inc., 735 F. Supp. 2d 741 (E.D. Mich. 2010) (granting lender's motion for summary judgment and rejecting Ms. Hart's assertions accusing the lender of, inter alia, bad faith and misrepresentation). Indeed, even the exhibits attached to the original complaint included court documents listing State of Michigan agents and private parties as defendants. As a result, it appears that the "true nature" of this case is a private action arising from a foreclosure sale, and thus even a corrected complaint would still fall outside of the Court's subject matter jurisdiction.

C. Conclusion

For the foregoing reasons, Plaintiff's original and amended complaints are hereby STRICKEN for repeated failure to comply with the Court's rules, and the case is DISMISSED without prejudice.

IT IS SO ORDERED.

*[signature]*
THOMAS C. WHEELER
Judge

---

[2] Ms. Hart is a member of the Temple and her name has since been changed to Melkiyah El.